<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASPEN GROUP, INC. and ASPEN UNIVERSITY, INC., : :  : Plaintiffs, : : v. : : : HIGHER EDUCATION MANAGEMENT GROUP, INC., : : Defendant. : | Civil Action No. 14-7194 (ES) OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

Before the Court is a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) by Plaintiffs Aspen Group, Inc. and Aspen University, Inc. (collectively, "Aspen" or "Plaintiffs"). (D.E. Nos. 9, 11[1]). The motion is unopposed. Having considered Plaintiffs' submissions, the Court grants Plaintiffs' motion for default judgment.

**I.     FACTS**

On or about March 30, 2008, Aspen University and Higher Education Management Group ("HEMG") entered into a written agreement (the "March Agreement") for the sale of 100 online academic courses for the sum of $455,000. (D.E. No. 9-3, March 30, 2008 Marketing Agreement ("Mar. Agmt."), App. A). The March Agreement provided a term of five years for HEMG to pay Aspen University $455,000. (*Id.*; D.E. No. 1, Complaint ("Compl.") ¶ 7; *see also* D.E. No. 9,

---

[1] D.E. No. 11 is Plaintiffs' Notice of Motion, which was not included in Plaintiffs' initial application, D.E. No. 9.

Declaration of Michael Mathews in Support of Application for Default Judgment ("Mathews Decl.") ¶ 8).

On or about December 1, 2008, Aspen University and HEMG entered into a second written agreement (the "December Agreement") for the sale of twenty-four early childhood education videos for the sum of $600,000. (D.E. No. 9-5, December 1, 2008 Marketing Agreement ("Dec. Agmt.") ¶¶ 1-2, App. A). The December Agreement provided a term of five years for HEMG to pay Aspen University $600,000. (*Id.*; Compl. ¶ 8; *see also* Mathews Decl. ¶ 10).

Patrick Spada ("Spada") is a resident and citizen of New Jersey. (Compl. ¶ 4). Spada is the founder of Aspen University and served as its Chief Executive Officer and as chairman of its Board of Directors until 2011. (*Id.*). Plaintiffs allege that Spada is also the founder, president, and majority shareholder of HEMG. (*Id.* ¶ 4). Spada signed both agreements on behalf of Aspen University and Betty Bednarski, HEMG's vice president, signed on behalf of HEMG. (*See* Mar. Agmt. at 3; Dec. Agmt. at 3).

The total amount due to Aspen University under the March and December Agreements is $1,055,000. (Compl. ¶ 9). As of September 16, 2011, HEMG paid $282,207, leaving a balance due to Aspen University of $772,793 (the "Amount Due"). (*Id.* ¶ 10).

On or about September 16, 2011, Aspen University and HEMG entered into a Pledge Agreement (the "Pledge Agreement"), whereby HEMG admitted and acknowledged that it still owed Aspen University the Amount Due. (*Id.* ¶ 11). In order to secure the repayment of the Amount Due, HEMG granted Aspen University a security interest in 772,793 shares of Series C Preferred Stock of Aspen University that were held by HEMG ("HEMG's Pledged Shares"). (*Id.*). Plaintiffs allege that the Pledge Agreement also provided that if there was "any controversy or

2

claim arising out of" the breach or enforcement of the Pledge Agreement, the prevailing party would be entitled to reasonable attorneys' fees, costs, and expenses. (*Id.*).

On or about March 13, 2012, Aspen Group acquired Aspen University and became its corporate parent pursuant to a reverse merger transaction (the "Reverse Merger"). (Compl. ¶ 12). Upon the closing of the Reverse Merger, HEMG's Pledged Shares converted to 654,850 shares of Aspen Group common stock. (*Id.* ¶ 12).

On or about April 4, 2012, Aspen Group and HEMG entered into a letter agreement (the "Letter Agreement") for the sale and transfer of stocks whereby, in relevant part, HEMG's president, Spada, admitted and acknowledged that HEMG still owed the Amount Due to Aspen University pursuant to the March and December Agreements. (D.E. No. 9-7, April 4, 2012 Letter Agreement ("Ltr. Agmt.") ¶ 6). Aspen Group agreed to extend the due date for full payment of the Amount Due from December 1, 2013, to September 30, 2014.[2] (Compl. ¶ 13; Mathews Decl. ¶ 14). Plaintiffs claim that HEMG failed to pay Aspen any portion of the Amount Due. (Compl. ¶ 14).

On November 18, 2014, Plaintiffs commenced this action seeking to recover payments under the March and December Agreements signed by Defendant HEMG. (D.E. No. 1, Compl.).

On January 7, 2015, Defendant's agent, Incorp Services, Inc., was served with a copy of the Summons and Complaint. (D.E. No. 5). On January 15, 2015, Defendant was served with a copy of the Summons and Complaint through the New Jersey Department of Treasury. (D.E. No. 6). On February 13, 2015, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure to appear, plead, or otherwise defend in this case.

---

[2] Pursuant to the Letter Agreement, the 654,850 shares of Aspen common stock pledged by HEMG continue to be pledged to secure performance of the obligation to pay the amount due, $772,793. (Ltr. Agmt. ¶ 6).

(D.E. No. 8). Thereafter, Plaintiffs filed the instant motion seeking default judgment. (D.E. No. 9).

## II.     LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, L.L.C.*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)).

In order to determine whether granting default judgment is proper, the Court must consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A meritorious defense is one that, "if established at trial, would completely bar a plaintiff's recovery." *Teamsters Health*, 2012 WL 3018062, at *4 (citing *Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993)). Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

## III.    JURISDICTION

Before entering a default judgment as to a party "that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter

and the parties.'" *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (internal citation omitted).

### A. Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a). Plaintiffs are Delaware corporations with their principal executive offices in Denver, Colorado. (Compl. ¶¶ 1, 2). Defendant HEMG is a Nevada corporation with its principal place of business in Cedar Knolls, New Jersey. (Compl. ¶ 3). Thus, complete diversity exists between the citizenship of the Plaintiffs and Defendant. Additionally, the amount in controversy exceeds $75,000, exclusive of interest, costs, disbursements, and attorneys' fees. (Compl. ¶ 5).

### B. Personal Jurisdiction

Aspen has "the burden of proving personal jurisdiction, [but it] can satisfy that burden with a prima facie showing." *See HICA Educ. Loan Corp. v. Morse*, No. 12-2785, 2012 WL 3757051, at *2 (D.N.J. 2012) (internal citations omitted). Aspen alleges that Defendant's principal place of business is in Morris County, New Jersey, and a substantial portion of the transactions and conduct forming the basis of this dispute occurred in this District. (Compl. ¶¶ 5, 6). Additionally, Defendant was served in the State of New Jersey on January 15, 2015, pursuant to N.J.S.A. § 2A:15-30.1(b). (*See* D.E. No. 6; *see also* N.J.S.A. § 2A:15-30.1(b)). Therefore, this Court has personal jurisdiction over Defendant.

### IV. DISCUSSION

First, the Court concludes that Defendant was properly served. On January 7, 2015, Defendant's agent was personally served with a copy of the Summons and Complaint at Incorp

Services, Inc. in Henderson, Nevada. (*See* D.E. No. 5). Additionally, on January 15, 2015, Defendant was served with a copy of the Summons and Complaint through the New Jersey Department of Treasury. (D.E. No. 6).[3]

Second, the Court finds that Plaintiffs sufficiently stated a cause of action for breach of contract against HEMG. In New Jersey, a plaintiff must allege three elements to state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Ramada*, 2012 WL 924385, at *3. Wholly accepting the factual contentions in the Complaint as true, HEMG entered into two valid agreements with Plaintiffs for the sale of online and video educational courses. (Compl. ¶¶ 7-8; Mar. Agmt.; Dec. Agmt.). Furthermore, HEMG breached its obligations under both the March and December Agreements by failing to timely pay the Amount Due to Plaintiffs. Indeed, Defendant acknowledged in the Pledge Agreement and Letter Agreement that it still owed Plaintiffs the Amount Due. (Compl. ¶¶ 11, 13; Ltr. Agmt. ¶ 6). Accordingly, Plaintiffs were damaged by the breach in the amount of $772,793. (Compl. ¶¶ 9-10, 14).

Finally, the Court must determine whether default judgment is proper. To do so, the Court must address "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. First, the Court determines that "Plaintiff[s] will be prejudiced if the default judgment is not granted because Defendant failed to comply with its financial

---

[3] Under New Jersey law, "process in any action in any court of this State directed to the business may be served on the State official or agency, if: (1) the business entity has failed to register or re-register as required by law; or (2) the business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law." *See* N.J.S.A. § 2A:15-30.1(b). As detailed in the affidavit of service, after attempting to serve Defendant three times at its registered address and once at an address developed by investigation, Plaintiffs served the Complaint on Defendant via substituted service with the New Jersey Department of Treasury. (D.E. No. 6).

6

obligations pursuant to" the Agreements. *Howard Johnson Int'l, Inc. v. BKD Investments, L.L.C.*, No. 13-7574, 2015 WL 1469703, at *4 (D.N.J. Mar. 30, 2015). Additionally, if a default judgment is not entered, Plaintiffs will continue to be harmed "because [they] will not be able to seek damages for [their] injuries due to defendant's continuing refusal" to participate in this case. *Ramada*, 2012 WL 924385, at *5 (citing *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010)). Second, Defendant does not have a litigable defense because it entered into two valid agreements with Aspen University and subsequently failed to meet its obligations under those Agreements. (*See* Mar. Agmt.; Dec. Agmt.). Additionally, Defendant has not filed anything with the Court; thus, there is nothing in the current record to indicate any possible defenses. *See Teamsters Health*, 2012 WL 3018062, at *4. Lastly, Defendant's delay is due to culpable conduct because copies of the Summons and Complaint were served upon Defendant's agent and with the New Jersey Department of Treasury, and Defendant has failed to respond to or defend against Plaintiffs' claims. *See Ramada*, 2012 WL 924385, at *5 ("The Court presumes that Defendants acted culpably because they have 'failed to answer, move, or otherwise respond.'") (citing *Stonebridge Bank v. Nita Props., L.L.C.*, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011)). Therefore, the Court concludes that default judgment is proper.

In addition to the Amount Due, Plaintiffs seek "interest, costs, disbursements, and any other relief the Court deems just and proper." (Mathews Decl. ¶ 17). However, Plaintiffs have not supplied any information to the Court regarding the calculation of interest, costs, or disbursements. Therefore, Plaintiffs' request for interest, costs, and disbursements is denied without prejudice.

### V. CONCLUSION

Accordingly, it is on this 29th day of September 2015,

**ORDERED** that Plaintiffs' motion for default judgment, (D.E. No. 9), against Defendant Higher Education Management Group is hereby GRANTED; and it is further

**ORDERED** that judgment is entered against Defendant Higher Education Management Group in the amount of $772,793.00; and it is further

**ORDERED** that Plaintiffs are permitted to submit adequate evidence documenting any additional interest, costs, or disbursements, within fourteen days of this Opinion.

The Clerk of Court shall terminate Docket Entries 9 and 11.

**SO ORDERED**.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**